IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff | : | |
| | : | |
| vs. | : | CRIMINAL NO. 1:CR-00-247-02 |
| | : | |
| VICTOR CALDERON,<br>        Defendant | : | |

*M E M O R A N D U M*

      Defendant, Victor Calderon, pled guilty to three counts of violating 21 U.S.C. § 843(b), using a telephone to facilitate the commission of a drug offense. On January 17, 2003, he was sentenced to 144 months' incarceration, representing the total of the statutory maximum sentence on each count (four years). Calderon has filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. Defendant also seeks a reduction in sentence to time served on the bases of his bad health and efforts at rehabilitation while in prison.[1]

      The government opposes a reduction on the ground that Defendant's sentence has been set at the statutory maximum, which is unaffected by any lowering in his guideline range by the

---

[1] The Federal Public Defender was appointed to represent Defendant but has filed a motion to withdraw as counsel. We will grant that motion.

amendment. The probation office has submitted an addendum to the presentence report (PSR), also concluding that the amendment has no effect on Defendant's applicable guideline range.

We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable guideline range. Because we agree with the probation office's calculation that the amendment does not have that effect, we will deny the motion for reduction in sentence.

By way of some background, the PSR calculated Defendant's original guideline range as follows. Defendant's crack-cocaine quantity was set at between 500 grams and 1.5 kilograms, giving Defendant a base offense level of 36. Based on other factors, his total offense level was 35. With a criminal history category of IV, Defendant's guideline range was 235 to 293 months. As noted, Defendant was sentenced to 144 months (twelve years), representing the total of the statutory maximum sentence on each count (four years).

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with

applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the corresponding
> guideline provisions that were applied when
> the defendant was sentenced and shall leave
> all other guideline application decisions
> unaffected.

*Id.*, § 1B1.10(b)(1).

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

In doing so, Defendant's guideline range remains unaffected by the amendment. It is true that under the amendment his base offense level becomes 34 instead of 36, thereby reducing his guideline range to 188 to 235 months, with everything else unchanged. However, his statutory maximum sentence remains at 144, unaffected by the amendment.

In his section 3582(c)(2) motion, Defendant also argues for a sentence of time served on the bases of his bad health and efforts at rehabilitation while in prison. We cannot grant this relief because a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002).

4

>	We will issue an appropriate order.


>						/s/William W. Caldwell
>						William W. Caldwell
>						United States District Judge

Date: February 12, 2009

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
         Plaintiff
                                :

         vs.                    :   CRIMINAL NO. 1:CR-00-247-02

                                :
VICTOR CALDERON,
         Defendant              :
```

*O R D E R*

AND NOW, this 12th day of February, 2009, it is ORDERED that:

    1. Defendant's motion (doc. 91) under 18 U.S.C. § 3582(c)(2) for a sentence reduction is denied.

    2. The motion (doc. 101) of the Public Defender to withdraw as counsel is granted.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge